UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Dwight A. Rudisill, #14698-058, | ) | C/A No. 4:10-761-CMC-TER |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | |
| Darlene Drew, Warden, | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

The petitioner, Dwight A. Rudisill ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at the Federal Correctional Institution at Bennettsville, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. In this action, Petitioner seeks to have his federal conviction and sentence vacated and for an unconditional discharge from prison. This action should be summarily dismissed because it plainly appears from the petitions and exhibits that Petitioner is not entitled to relief in this court.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v.

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, even if the petitioner had paid the full filing fee, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

Background

In 4:98CR212-T, in the United States District Court for the Western District of North Carolina, Petitioner was convicted on federal charges and sentenced to a total term of imprisonment of 465 months. *See* PACER Homepage, https://pacer.login.uscourts.gov/ (last visited June 15, 2010)

(enter North Carolina courts and Petitioner's name).[2] *See also Dwight A. Rudisill v. United States*, C/A No. 1:09CV262-3-T (D.N.C.) (Docket Entry # 2 filed on July 29, 2009) (Order of Dismissal of Petitioner's § 2255 habeas petition) (available in PACER). Specifically, Petitioner was indicted on July 8, 1998, on four counts of violating the United States Criminal Code. On October 9, 1998, pursuant to a plea agreement with the government, Petitioner pled guilty to one count of carjacking in violation of 18 U.S.C. § 2119. *Id.* In exchange for Petitioner agreeing serve 25 years for the carjacking count, the government agreed to dismiss the remaining three counts of the indictment, and in accordance with the plea agreement the court sentenced Petitioner to 300 months imprisonment. *Id.* Petitioner filed a direct appeal, and the Fourth Circuit Court of Appeals vacated Petitioner's conviction and remanded for resentencing because the count of the indictment to which Petitioner pled guilty failed to include that he actually caused serious bodily injury and thus he could be sentenced to no more than 15 years under § 2119(1). *Id.* Following the remand, the government moved to set aside the plea agreement so that it could reinstate the additional counts which had been dismissed and seek a new charge for carjacking under § 2119(2). *Id.* On July 27, 2000, the North Carolina District Court resentenced Petitioner to 15 years (or 180 months) on the carjacking count, but it did grant the government's motion to set aside the plea agreement so that the government could pursue a superseding indictment as to the three counts previously dismissed. *Id.* The government did obtain a superseding indictment, and after a jury trial, on January 10, 2001,

---

2) The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

Petitioner was found guilty of the following counts: using and carrying a gun during and in relation to a crime of violence; transporting a stolen vehicle in interstate commerce; and being a felon in possession of a firearm. *Id.* On October 31, 2001, the North Carolina District Court sentenced Petitioner on the three said additional counts for a total imprisonment of 465 months, and the Judgment was entered on November 8, 2001. *Id.* Petitioner did not file a direct appeal. *Id.*

Petitioner did file a § 2255 motion to vacate his conviction and sentence on July 15, 2009, in the United States District Court for the Western District of North Carolina. *Id.* That court ruled that Petitioner's conviction became final on or about the end of November 2001 (ten days from the date the Judgment was entered). *Id.* That court ruled that Petitioner's § 2255 motion was untimely pursuant to the AEDPA because Petitioner had until on or about the end of November 2002 to file his motion but he waited over seven and a half years after the judgment was entered to file the motion on July 15, 2009. *Id.* On July 29, 2009, that court dismissed the § 2255 motion with prejudice as untimely. *Id.* It appears that Petitioner did file a direct appeal from the district court's order denying the § 2255 motion, and the Fourth Circuit Court of Appeals dismissed the appeal on September 8, 2009. *See Dwight A. Rudisill v. United States*, C/A No. 1:09CV262-3-T (D.N.C.) (Docket Entry # 10) (available in PACER).

Petitioner is currently incarcerated within the District of South Carolina, and he filed a habeas corpus petition pursuant to § 2241 in this court. In this action, Petitioner seeks to vacate his federal conviction and sentence entered in 4:98CR212-T, in the United States District Court for the Western District of North Carolina, on several grounds: "sentence was imposed in violation of the Constitution or laws of the United States;" "court was without jurisdiction to impose sentence;" and "sentence is otherwise subject to collateral attack." Petitioner alleges that his guilty plea was

4

involuntary and he alleges that his counsel was ineffective for failing to argue that 18 U.S.C. § 2119 was unconstitutionally vague. Petitioner alleges that within his plea agreement he reserved the right to raise claims of ineffective assistance of counsel and prosecutorial misconduct and that "both are present in the instant case." Petitioner alleges that his detention in the Bureau of Prisons is unlawful because 18 U.S.C. § 2119 was unconstitutional as applied to his case because it offended the vagueness doctrine. Petitioner alleges that there are new rules of constitutional law made retroactive to cases on collateral review which render his conviction and sentence contrary to law – *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner appears to allege that he can satisfy the "savings clause" because of the changes made in the criminal law.

## Discussion

Because Petitioner filed this action pursuant to 28 U.S.C. § 2241 seeking to invoke the "savings clause," and because Petitioner's custodian is located within this district, he properly filed the § 2241 petition in this court. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). However, the threshold question is whether Petitioner's claims are encompassed by the § 2255 "savings clause." Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). Challenges to the execution or implementation of a federal prisoner's sentence usually involve "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *See Manigault v. Lamanna*, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *1, fn.4 (D.S.C. May 11, 2006). In this action, Petitioner is attacking the validity of his conviction and sentence, and this type of claim

5

should usually be brought under § 2255 in the sentencing court. *Id.* However, § 2255 does contain a "savings clause" which permits a district court to consider a § 2241 petition challenging the validity of the petitioner's detention when a § 2255 petition is "inadequate or ineffective to test the legality of his detention." *Id.* (citing 28 U.S.C. § 2255). The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* The Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320 at *2 (D.S.C. Sept. 18, 2006).

Here, Petitioner does not appear to allege any facts or circumstances that would bring his case within the savings clause. He claims that there is new substantive criminal law which would apply to his case, citing *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, the United States District Court for the Western District of North Carolina knew about the *Jones v. United States*, 526 U.S. 227 (1999), decision at the time of

6

Petitioner's resentencing because the Fourth Circuit Court of Appeals relied on that case when it directed the district court to resentence Petitioner. Also, the United States Supreme Court decided the *Apprendi* case on June 26, 2000, which was prior to Petitioner's July 27, 2000, resentencing on the carjacking count and prior to the jury trial on the additional three counts. Petitioner does not allege substantive criminal law that changed <u>subsequent</u> to the time when Petitioner could have filed a direct appeal from his October 31, 2001, sentencing (but did not) or the Petitioner's first § 2255 motion. Accordingly, Petitioner's claims do not appear to come within the "savings clause" and are not cognizable pursuant to § 2241. Additionally, if Petitioner desires to bring a "second or successive" motion under § 2255 in the sentencing court, Petitioner must receive permission to do so from the court of appeals in which circuit the district court sits, in this case, the Fourth Circuit. *See* Title 28 U.S.C. § 2255; 28 U.S.C. § 2244(a).

Recommendation

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice* and *without requiring the respondent to file a return. See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. ***The petitioner's attention is directed to the important notice on the next page.***

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

July <u>21</u>, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).